

OF MISSISSIPPI
SOUTHE    D
JUN 1 3 2008
J T NOBLIN  CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**JERRY C. BARNETT and**
**DANIEL R. FULTON**                                    **PLAINTIFFS**

**versus**                              Case No.   *3:08cv366 DPJ-JCS*

**BLITZ U.S.A., INC. and**
**WAL-MART STORES EAST, LP**                            **DEFENDANTS**

### ORIGINAL COMPLAINT

NOW INTO COURT, by and through undersigned counsel, come Plaintiffs Jerry C. ("Bo") Barnett and Daniel R. Fulton, who, in support of their claims against Defendants Blitz U.S.A., Inc. and Wal-Mart Stores East, LP, allege as follows:

### I. Introduction

1.1     On or about December 30, 2007, a gas storage container manufactured by Defendant Blitz U.S.A., Inc. and sold by Defendant Wal-Mart Stores East, LP exploded, causing Plaintiffs Jerry C. ("Bo") Barnett and Daniel R. Fulton to suffer severe burns which have caused them to incur substantial medical expense, disfigurement and other recoverable damage.  This action is brought against the Defendants pursuant to the laws of the State of Mississippi to recoup all compensatory and punitive damages to which the Plaintiffs are entitled as a result of the personal injuries they have suffered.

### II. Parties

2.1     Plaintiff Jerry C. Barnett is an adult resident citizen of Rankin County, Mississippi.

2.2    Plaintiff Daniel R. Fulton is an adult resident citizen of Rankin County, Mississippi.

2.3    Defendant Blitz U.S.A., Inc. ("Blitz") is an Oklahoma corporation which maintains its principal place of business in Miami, Oklahoma, and is engaged in business in the State of Mississippi.  Blitz may be served with process via the Mississippi Long Arm Statute, Miss. Code Ann. § 13-3-57.

2.4    Defendant Wal-Mart Stores East, LP ("Wal-Mart") is a Delaware limited partnership which maintains its principal place of business in Bentonville, Arkansas.  Wal-Mart may be served with process via its registered agent, CT Corporation System.

### III. Jurisdiction & Venue

3.1    Jurisdiction exists in the premises pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the requisite jurisdiction amount.

3.2    This court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this action occurred within this district.

### IV. Factual Background

4.1    At a time prior to December 30, 2007, Blitz designed and manufactured a portable plastic gas can for sale in the stream of commerce (referred to hereinafter as "Subject Gas Can").

4.2     The Subject Gas Can was sold to Wal-Mart for distribution in Rankin County, Mississippi, and thereafter sold by Wal-Mart to Jerry O. Barnett, the father of Bo Barnett.

4.3     On or about December 30, 2007, Plaintiff Bo Barnett used the Subject Gas Can to ignite a pile of debris in his yard.  Shortly thereafter, gasoline vapors outside the Subject Gas Can ignited and the flame flashed back into the vapor trail inside the container, causing the Subject Gas Can to explode.  The explosion caused catastrophic injury to Plaintiffs Bo Barnett and Daniel Fulton, who was standing nearby.

4.4     Defendant Blitz designed, manufactured, assembled, marketed, distributed and sold the Subject Gas Can that caused Plaintiffs' injuries and damage.

4.5     The Subject Gas Can was not modified or altered after it left Defendants' control, and Plaintiff Bo Barnett was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

4.6     The Subject Gas Can was defective and unsafe for its intended purposes at the time it left the control of Defendant Blitz in that the design failed to include a flame arrestor device, which is a necessary safety device that would have prevented the Plaintiffs' injuries.

4.7     Defendant Blitz knew or should have known of the Subject Gas Can's susceptibility to flashback which occurs when gasoline vapors ignite and

the flames chase the vapor trail back into the can, causing an explosion and/or spew of flames and burning gasoline.

4.8     Defendant Wal-Mart had actual or constructive knowledge of the defective condition of the Subject Gas Can at the time it sold the Subject Gas Can to Jerry Barnett.

4.9     As a direct and proximate result of Defendants' collective acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can, which lacked a flame arrestor/flashback arrestor, Plaintiffs suffered and continue to suffer severe personal injuries, including, but not limited to, severe burns, physical pain and impairment, physical disfigurement and other recoverable damage.

## V. Causes of Action

### Count No. 1:        Negligence – Both Defendants

5.1     Plaintiffs re-allege and incorporate in this count each and every preceding allegation as if fully pleaded herein.

5.2     Defendants owed each Plaintiff the duty of reasonable care in its design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can.  Defendants breached this duty in a multitude of concurrent and/or alternative ways, including, but not limited to, the following:

5.2a.   Failure to include a flame arrestor/flashback arrestor in its design, manufacture and assembly of the Subject Gas Can, thereby causing the Subject Gas Can to be unreasonably dangerous and unfit for the use; and,

ORIGINAL COMPLAINT                                                                                   4

5.2b   Failure to distribute and sale the Subject Gas Can with a flame arrestor/flashback arrestor, thereby causing the unreasonably dangerous and unfit product to be placed into the stream of commerce and used by the Plaintiffs.

5.3   Defendants breached these duties of care, in whole or in part, alternatively or concurrently; and, as a consequence, caused severe, debilitating and permanent damage to the Plaintiffs.

**Count No. 2:      Failure to Warn – Blitz**

5.4   Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pleaded herein.

5.5   The Subject Gas Can was manufactured and/or supplied by Defendant Blitz and at all times was unaccompanied by appropriate warnings concerning all possible risks, including risks of explosion associated with the Subject Gas Can's lack of a flame arrestor/flashback arrestor.  As such, Defendant Blitz violated Miss. Code Ann. § 11-1-63(c).

5.6   As a direct and proximate result of its statutory violation, Defendant Blitz caused disfigurement, injury and damage to Plaintiffs.

**Cause No. 3:      Design and/or Manufacturing Defect – Blitz**

5.7   Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pleaded herein.

5.8   The Subject Gas Can was manufactured by Defendant Blitz and placed in the stream of commerce in a defective and unreasonably dangerous condition in that the Subject Gas Can deviated in a material way from the

manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, and the defective condition rendered the Subject Gas Can and/or certain of its component parts unreasonably dangerous to the Plaintiffs, and the defective and unreasonably dangerous condition of the Subject Gas Can caused the damages for which recovery is sought in this action. As such, Defendant Blitz violated Miss. Code Ann. § 11-1-63(a).

5.9     Alternatively, the Subject Gas Can and/or certain of its component parts designed by Defendant Blitz was defective in that Defendant Blitz knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger associated with failing to incorporate a flame arrestor/flashback arrestor, and the Subject Gas Can failed to function as expected and their existed a feasible design alternative that would have prevented the harm.  As such, Defendant Blitz violated Miss. Code Ann. § 11-1-63(f).

5.10    The Subject Gas Can was, at the time it left Defendant Blitz's control, a defective and unreasonably dangerous product, and said defects caused injury to the Plaintiffs as alleged herein.

**Cause No. 4:        Actual or Constructive Knowledge – Wal-Mart**

5.11    Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pleaded herein.

5.12    Defendant Wal-Mart had actual or constructive knowledge of the defective condition of the Subject Gas Can at the time it sold the Subject Gas

**ORIGINAL COMPLAINT**

Can to Jerry Barnett; and, accordingly, is liable pursuant to the provisions of Miss. Code Ann. § 11-1-63(h).

5.13   As a direct and proximate result of Defendant Wal-Mart's violation of Mississippi statutory law, Plaintiffs have suffered personal injury and damages for which they are entitled to compensation.

**Cause No. 5:        Express Warranty of Merchantability – Blitz**

5.14   Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pleaded herein.

5.15   Defendant Blitz expressly warranted that the Subject Gas Can and/or its component parts were safe for operation and the Plaintiffs justifiably relied upon said warranties.

5.16   The Subject Gas Can was defective and unreasonably dangerous, and said defective and unreasonably dangerous conditions caused the Plaintiffs' damages.  Accordingly, Defendant Blitz has violated Miss. Code Ann. § 11-1-63(a).

**Cause No. 6:        Implied Warranties – Both Defendants**

5.17   Plaintiffs re-allege and incorporate into this count each and every preceding allegation as if fully pleaded herein.

5.18   Mississippi law recognized an action for breach of implied warranties of safety, merchantability and fitness. *Bennett v. Madakasira*, 821 So.2d 794, 808 (Miss. 2002).  Defendants have violated these implied warranties, among other ways, as follows:

5.18a.        Defendants impliedly warranted to Plaintiffs that the Subject Gas Can was safe, merchantable and fit for the ordinary purpose for which the Subject Gas Can was intended;

5.18b.        Plaintiffs reasonably relied upon the skill and judgment of Defendants as to whether the Subject Gas Can was of merchantable quality and safe and fit for its intended use; and,

5.18c.        Contrary to such warranties, the Subject Gas Can was not fit for its intended use and was unreasonably dangerous and unfit for its designated purpose.

5.19    As a direct and proximate result of Defendants' violation of these implied warranties, Plaintiffs have suffered personal injury and damages for which they are entitled to compensation.

## VI. Causation & Damages

6.1    Plaintiffs re-allege and incorporate in this section each and every preceding allegation as if fully pleaded herein.

6.2    Defendants caused Plaintiffs significant and permanent injury and harm as a result of the negligence and other tortious conduct set forth herein. Plaintiffs demand money damages consistent with Mississippi law for the harm inflicted by Defendants, including, but not limited to the following:

6.2a    Past and future costs of medical care;

6.2b    Past and future losses of wages, entitlements, support and other recoverable economic losses;

6.2c    Past and future emotional distress;

      6.2d   Past and future pain and suffering; and,

      6.2e   Past and future hedonic damages.

6.3    Defendants have exhibited such willful disregard and/or absence of due care and/or recklessness and/or gross negligence such that punitive damage are appropriate in this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs Jerry C. Barnett and Daniel R. Fulton pray that they be awarded all compensatory and punitive damages due and owed, including attorneys' fees and costs associated with the prosecution of this action, as allowed by Mississippi law, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this the 12th day of June 2008.

By: _____
William M. Quin II (MS Bar No. 10834)

**Attorney for Plaintiffs Jerry C.
Barnett and Daniel R. Fulton**

OF COUNSEL:

THE QUIN FIRM, PLLC
5760 I-55 North, Ste. 300 (39211)
Post Office Box 16368
Jackson, Mississippi 39236
Telephone:   601-957-7811
Facsimile:    601-957-9915
wquin@quinlaw.com